IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

DANIELLA AGUILAR,

    Plaintiff,

v.

RENT-A-TIRE, LP

    Defendant.

CIVIL ACTION NO.
_____

## **COMPLAINT**

COMES NOW Plaintiff, Daniella Aguilar, and hereby files this Complaint against Rent-A-Tire, L.P. ("Defendant"), alleging disability discrimination in violation of her rights as secured by the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., and alleging that Defendant interfered with Plaintiff's rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* to take time off from work as a result of her disability and that they retaliated against her exercising her rights under the FMLA.

## **INTRODUCTION**

1.

This is an action for monetary relief brought under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

2.

Through this action, Plaintiff seeks redress of unlawful actions directed towards her in her employment by the Defendant and seeks restitution under the laws of the United States for losses she suffered as a direct and proximate result of Defendant's actions.

3.

This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction enjoining Defendant from maintaining policies and practices of discriminating against Plaintiff and other employees similarly situated on the basis of disability, and of interfering with and retaliating against Plaintiff and other employees who seek to take FMLA qualifying leave. This action also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for Defendant's unlawful and discriminatory practices.

4.

Among other relief sought, this action seeks back pay, liquidated damages, equitable relief (such as reinstatement or if that is not feasible, front pay), compensatory damages, punitive damages, and attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.

Jurisdiction of this Court over Plaintiff's claims is invoked pursuant to 42 U.S.C. §§ 12101et seq. (ADAAA), 29 U.S.C. § 2601 *et seq.* (FMLA), 28 U.S.C. §§ 1331, 1343(a)(4) and §§ 2201 and 2202.

6.

Venue is appropriate in this Judicial District because Defendant conducts business in this district and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

**PARTIES**

7.

Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

8.

Defendant Rent-A-Tire is a foreign limited partnership registered with the Georgia Secretary of State and doing business in the State of Georgia, and is, therefore, subject to jurisdiction in Georgia.

9.

Defendant Rent-A-Tire is an employer that engages in an industry affecting commerce within the meaning of the ADAAA and the FMLA.

10.

Defendant Rent-A-Tire may be served by delivering process to its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

11.

Upon information and belief, Defendant Rent-A-Tire has more than fifty employees within 75 miles of Plaintiff's place of work.

12.

Defendant is a covered employer under the FMLA. 29 CFR § 825.106(d).

13.

Defendant is also a covered employer under the ADAAA since it employs more than 15 employees.

## ADMINISTRATIVE PROCEEDINGS

14.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of the adverse employment actions of which she complains.

15.

Following its investigation, on October 28, 2020, the EEOC issued its Notice of Right to Sue.

16.

On or after October 28, 2020, Plaintiff received from the Equal Employment Opportunity Commission the Notice of Right to Sue. This civil action is instituted in the appropriate Federal District Court within ninety (90) days of the receipt of said notice.

## STATEMENT OF FACTS

17.

Plaintiff was employed by Rent-A-Tire from January 24, 2017, through July 17, 2019, at which time her employment was terminated.

18.

In approximately April 2019, Plaintiff started experiencing a variety of physical symptoms, but did not know the cause. Even though her illness made it difficult to work, Plaintiff continued working until she was hospitalized on the night of July 14-July 15, 2019, after passing out at home and having other symptoms.

19.

Prior to having this illness, Plaintiff was a valued employee and, even while Plaintiff was sick, she performed her job well.

20.

Plaintiff sent a text message to her manager at 3:27 A.M. on July 15th that she had been hospitalized and would not be able to come to work, and didn't know how long she would be in the hospital.

21.

On July 16, 2019, Plaintiff had a series of text messages with the District Manager where Plaintiff explained that she was still in the hospital, they didn't know what was wrong with her, so she didn't know how long she would remain in the hospital.

22.

Plaintiff's District Manager responded that he had heard and to "just focus on getting better and call me when you can."

23.

He later texted for her to let him know if anything changed and that he would have Human Resources reach out to her.

24.

Plaintiff never heard from Human Resources.

25.

Plaintiff was qualified under Defendant's policies to take medical leave and/or FMLA leave for the duration of her hospitalization and inability to work.

26.

Plaintiff was not advised of her right to take medical and/or FMLA leave.

27.

On July 20, 2019, one of the Sales Representatives texted Plaintiff that even though she was in the hospital, they needed her key and the gas card as soon as possible.

28.

At one point the doctors thought Plaintiff was going to die, but ultimately they were able to diagnose her medical problem and began a course of treatment, which continues to this day, and will continue into the future.

29.

This medical problem substantially limits Plaintiff's ability to perform major life functions and is not a temporary or transitory condition.

30.

On August 12, 2019, Plaintiff was released from the hospital and, despite her disabilities and ongoing treatment, she was able to return to work at her job.

31.

Plaintiff contacted Human Resources since they had not contacted her, because she thought she might need to complete leave forms for the duration of her absence from work.

32.

On August 19, 2019, Human Resources informed her that she had been terminated on July 26th and that they thought she had quit.

33.

Even after Plaintiff explained that she had not quit and that she had been in contact with her manager and the District Manager, while she was out and in the hospital, Defendant refused to allow her to return to work and did not allow her to apply for medical and/or FMLA leave.

34.

Since August 12, 2019, upon information and belief, Defendant has hired employees at Plaintiff's work location for either her former job or jobs for which she is qualified.

35.

Plaintiff is still undergoing treatment, and continues to be impaired by her disability, which will continue for the foreseeable future, however, she

remains able to perform the essential functions of her former job without accommodations.

## COUNT I
### Disability Discrimination in Violation of the ADAAA

36.

Plaintiff incorporates by reference the above Paragraphs of this Complaint as though fully restated herein.

37.

Defendant violated the ADAAA when it failed to provide Plaintiff with the reasonable accommodation of being on medical leave while she was hospitalized and unable to work due to her disability.

38.

Defendant further violated the ADAAA when it terminated her, alleging that she has resigned her position while she was in the hospital, and refusing to allow her to return to work after her hospitalization.

39.

Defendant's actions above were committed with reckless disregard for the Plaintiff's right to be free from discriminatory treatment on account of her disability in violation of the ADAAA.

40.

The aforementioned actions subjected Plaintiff to discriminatory conditions and/or privileges of employment in violation.

41.

The effect of the Defendant's actions have been to deprive Plaintiff of employment opportunities, income in the form of wages, prospective retirement benefits, social security and other benefits due her because of her disability.

42.

Furthermore, Plaintiff has suffered and will continue to suffer emotional distress as a result of Defendant's actions.

43.

Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's policies and practices as set out in this Complaint.

44.

Therefore, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the law.

45.

Plaintiff is further entitled to compensatory and punitive damages for the violations of her civil rights under the ADAAA.

## COUNT II

### Interference with FMLA Rights

46.

Defendant interfered with Plaintiff's FMLA rights, as reflected in the above Paragraphs 1-35, including, but not limited to, by not notifying her of her right to take FMLA leave, by not allowing her to apply for leave after she was released from the hospital, by not reinstating her to her former position after she was released from the hospital and was able to work and by terminating her employment alleging she had resigned.

47.

Defendant's interference with Plaintiff's FMLA rights violated the Family and Medical Leave Act.

48.

The effect of the Defendant's actions has been to deprive Plaintiff of income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, and caused her to incur

other monetary losses because of her having taken FMLA qualifying leave.

49.

As such, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury from the Defendant's acts of interfering with her FMLA rights.

50.

Therefore, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the law.

51.

As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

52.

Plaintiff is further entitled to liquidated damages for the violations of her civil rights under the FMLA, 29 U.S.C. § 2601 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's right to be free from disability discrimination as secured under the

   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101et seq., and Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*;

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of their disability or for seeking and/or taking FMLA qualifying leave and/or because of their participation in this lawsuit;

3. Order the Defendant to make whole the Plaintiff by providing for her reinstatement, back pay, reimbursement for lost pension and retirement benefits, insurance benefits, medical expenses incurred, social security, experience, training, and other benefits and expenses in an amount to be proven at trial;

4. Grant to Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon her by the Defendant's unlawful and discriminatory acts, including her pain and emotional distress;

5. Grant to Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

6. Grant to Plaintiff liquidated damages in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts as provided by the FMLA inasmuch as Defendant have acted willfully and intentionally;

7. Grant to Plaintiff a jury trial on all issues so triable;

8. Grant to Plaintiff a reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by law; and

9. Grant such additional relief as the Court deems proper and just.

Respectfully submitted this 25th day of January, 2021.

> s/Janet E. Hill
> Janet E. Hill, Esq.
> Georgia Bar No. 354230
> Attorney for Plaintiff
> HILL & ASSOCIATES, P.C.
> 1160 S. Milledge Ave, Suite 140
> Athens, Georgia 30605
> Telephone: (706) 353-7272
> Fax: (706) 549-8446
> E-mail: janet@hillworklaw.com